TIMMER, J.,
dissenting.
¶26 By its terms, § 12-341.01(A) cannot “alter[ ], prohibit! ] or restrict! ] ... contracts ... that may provide for attorney fees.” By applying § 12-341.01(A) here, the majority has done just that. I respectfully dissent.
¶ 27 I begin with the plain language of the MVA. Cf. Smith v. Melson, Inc., 135 Ariz. 119, 121, 659 P.2d 1264, 1266 (1983) (“A contract should be read in light of the parties’ intentions as reflected by their language and in view of all the circumstances.”). American and CSK agreed that “the prevailing party” in any lawsuit “shall be entitled to recover” its reasonable attorney fees. The parties did not define “the prevailing party,” so the majority, noting the parties’ agreement that Arizona law governs interpretation of the contract, skips to § 12-341.01(A) to supply a definition. See supra ¶15. In doing so, the majority ignores Arizona’s “controlling rule of interpretation” that “requires that the ordinary meaning of language be given to words where circumstances do not show a different meaning applicable.” Brady v. Black Mountain Inv. Co., 105 Ariz. 87, 89, 459 P.2d 712, 714 (1969) (citing Restatement (First), Contracts § 235(A) (Am. Law Ins, 1932)). There is nothing ambiguous about the fee provision here. “The” indicates a particular party, and “prevailing” identifies that party as the one that wins the lawsuit. See Smith, 135 Ariz. at 121, 659 P.2d at 1266 (noting that “the” is “a definite article used in reference to a particular thing”); Webster’s Third New International Dictionary 1797 (3d ed. 2002) (defining “prevail” in part as to “win,” “triumph,” or to be “successful”); Black’s Law Dictionary 1298 (10th ed. 2009) (defining “prevailing party” as the one “in whose favor a judgment is rendered”).
¶ 28 The majority uses § 12-341.01(A) to impermissibly alter the meaning of “the prevailing party” in the MVA The second sentence in § 12-341.01(A) does not define the “successful party” in a lawsuit and thus does not shed light on the parties’ use of “the prevailing party” in the MVA. Instead, the second sentence “deem[s]” the unsuccessful party in the lawsuit the “successful party,” and thus eligible for a discretionary fee award, if the final judgment is “equal to or more favorable” than a previously rejected settlement offer. And that party is only considered “successful” from the offer date, meaning the other party can be “successful” and eligible for a fee award before the offer date. In essence, the second sentence serves as a fee-shifting device to encourage settlement; it does not apply to the party that prevails on the merits of the lawsuit. Cf. Hall, 229 Ariz. at 282 ¶ 18, 274 P.3d at 1216 (“The purposes of § 12-341.01(A) include ... promoting settlements and thus reducing caseloads involving contractual matters.”). Athough it is appropriate to use tests devel *572 oped under § 12-341.01(A) to identify the “prevailing party” overall in light of “multiple claims and varied success,” see Murphy Farrell Dev., 229 Ariz. at 134 ¶ 36, 272 P.3d at 365, it is not appropriate to use § 12-341.01(A) to change the meaning of “the prevailing party” in the MVA.
¶ 29 Rather than respect the parties’ intent to mandate a fee award for the single, prevailing party in the lawsuit, the majority uses the second sentence from § 12-341.01(A) to redefine “the prevailing party” and require awards for each party. There are now two prevailing parties—American before the settlement offer and CSK thereafter—and each must be awarded attorney fees. This interpretation alters the MVA’s fee provision in violation of the third sentence in § 12-341.01(A). I would affirm the trial court’s attorney fee award.